## Junior Oil Company, et al. v. Byrd.

(Decided May 2, 1924.)

### Appeal from Johnson Circuit Court.

1. Master and Servant—Court May Review Decision of Single Member of Compensation Board.—There may be an appeal to the court for review of award by single member of workmen's compensation board, though application has not been made for review by entire board, under Ky. Stats., sections 4933, 4934.

2. Master and Servant—Statute Requiring Petition for Review in Compensation Case to be Verified Not Mandatory.—Ky. Stats., section 4935, providing that, to take appeal from workmen's compensation board to circuit court, petition must be verified, is not mandatory, in view of Civil Code of Practice, section 137, providing that petition filed without verification shall not be dismissed, if verification be made on or before calling of action for trial.

3. Master and Servant—Master May Waive Employee's Failure to accept Compensation Law.—Ky. Stats., sections 4882, 4931, 4956, 4957, not only do not forbid waiver by employer, who has accepted provisions of compensation act, of his employee's failure to accept its provisions before an accident, but recognize his right to agree with him, even after accident, for compensation in accordance with terms of act, as if employee had made a proper election.

4. Master and Servant—Employer and Insurer Estopped to Deny Acceptance of Compensation Act by Employee.—After having induced injured employee to sign register and to accept compensation under workmen's compensation act, employer and insurer were estopped to deny that employe accepted provisions of act.

BEVERLEY R. JOUETT for appellants.

HOWES & HOWES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On January 31, 1922, appellee was injured while in the employ of the Junior Oil Company, and within about two hours after his employment. He had not accepted the provisions of the workmen's compensation act, but the company had, and it reported the accident to the compensation board, and to the appellant Maryland Casualty Company, its insurance carrier, on form 17, prescribed by the compensation board for the purpose. Thereafter, the insurance carrier, with knowledge of these facts, and prior to the time it began the adjustment of plaintiff's claim, on the — day of February, 1922, procured the general manager of the employer to have plaintiff sign the register for the purpose of having him agree that his claim for compensation might be adjusted under the compensation act. After he had signed the register, the Maryland Casualty Company agreed to compensate him for his injury at the rate of $15.00 per week during the continuance of his disability, and made payments to him under that agreement and in accordance with its terms until the 8th day of October, 1922, when it ceased payments. The total amount thus paid him was $525.00, and for each payment he was required to and did sign a receipt prepared by the insurance company upon the form prescribed by the compensation board. All of the receipts are alike except as to amounts and dates, and one of them is as follows:

"WORKMEN'S COMPENSATION BOARD.

FRANKFORT, KY.

FORM No. 17.

RECEIPT ON ACCOUNT OF COMPENSATION.

"RECEIVED OF ............................ MARYLAND CASUALTY COMPANY....................the sum of ...................sixty........................ dollars and ............no............cents, being the proportion of the weekly wages of myself from the 27th day of March, 1922, to the 23rd day of April, 1922, under the Kentucky Workmen's Compensation Law, subject to review by the Workmen's. Compensation Board, said accident occurring on the 30th day of January, 1922, while in the employ of Junior Oil Company.

$......60.00...........                    .................J. R. BYRD.................

Witness :...........NANNIE BYRD............

Address :.....Staffordsville, Ky......        ..............................................

Date :...............April 24, 1922.................        .............................................

"If the employer, or the insurance company carrying such risk, as the case may be, and the injured employee reach an agreement in regard to compensation under this act, a memorandum of such agreement shall be filed with the Workmen's Compensation Board on Form No. 9 in case of injury, or No. 10 in case of death, and if approved by it, shall be deemed final and binding upon the parties thereto. Such agreement shall be approved by said board only when the terms conform to the provisions of this act. Section 48.

"Receipts Not Accepted Unless Witnessed and Signed in Ink."

On November 10, 1922, appellee filed his claim for compensation with the compensation board, and upon a hearing before a single member of that board, his application was denied solely because at the time of the injury he had not accepted the provisions of the workmen's compensation act.

Within 20 days thereafter he filed this action in the circuit court for review of the board's order, and upon the trial the circuit court set that order aside and remanded the case with directions that appellee be allowed $15.00 a week from the time of his injury for not exceeding eight years, less the $525.00 already paid him.

There is no dispute as to any of the above facts, and it is agreed that appellee is totally disabled, and if he is entitled to have his claim adjusted under the compensation act, he is entitled to the amount the judgment allows him.

The first contention of the appellants is, that the court erred in overruling their motion to dismiss the petition because of appellee's failure to make application for review by the entire board within seven days from the date of the award by a single member of the board. In other words, it is the contention of the appellants that where, as here an application for compensation is acted upon by a single member of the workmen's compensation board, there can be no appeal to the courts for a review of the award, unless within seven days thereafter application is made for a review by the entire board.

Section 4933, Kentucky Statutes, provides that an application may be heard and determined by the board or any of its members.

Section 4934 provides:

"If an application for review is made to the board within seven days from the date of the award, the full board, if the first hearing was not held before the full board, shall review the evidence, or, if deemed advisable, as soon as practicable, hear the parties at issue," etc.

Section 4935 provides:

"An award or order of the board as provided in section 4933, if application for review be not filed as therein provided, or an award or order of the board upon review as provided in section 4934, shall be conclusive and binding as to all questions of fact, but either party may, within twenty days after the rendition of such final order or award of the board, may by petition appeal to the circuit court that would have jurisdiction," etc.

It will be noticed that this latter section provides that the award, whether under section 4933 or 4934, shall be final and conclusive as to all questions of fact, but that either party may, within twenty days after the ren-

dition of *such final order or award,* prosecute an appeal to the circuit court. The "such final order or award" from which an appeal may be prosecuted to the circuit court apparently, therefore, is such an award as may have been made under either of these sections.

It seems to us that this language very clearly provides that either party may appeal directly to the court from an award under section 4933, or he may, before prosecuting an appeal to the circuit court, ask a review by the whole board of an award made under 4933 by less than all of the members of the board.

Nor do we believe that it is reasonably susceptible of the construction for which appellants contend—that before prosecuting an appeal to the circuit court it is necessary to have a review by the whole board of an order or award by a single member—and we cannot therefore so construe it.

Cases cited by appellants from other courts holding that an appeal cannot be prosecuted to the courts unless and until there has been an application for a review by the whole compensation board within the period allowed by the statutes, are without force here because of the very material difference between our statute and the statutes of such states in this respect.

It is next insisted that the court erred in overruling appellants' motion to dismiss the petition upon the ground that section 4935 of the statutes provides that to take an appeal from the board to the circuit court the petition must be verified, and this petition was not verified when filed or within the twenty days allowed for taking an appeal.

The insistence is that this provision is mandatory, and that the petition must be verfied when filed, or at least before the expiration of the twenty days allowed for filing it. We find ourselves quite unable to agree with this contention, since in our judgment section 137 of the Civil Code applies to a petition of this kind as well as to any other. It provides that:

"A petition filed without verification shall not be dismissed for that reason, if the verification be made on or before the calling of the action for trial."

The final contention is that the award of the compensation board, dismissing appellee's application for compensation because he had not at the time of the accident accepted the provisions of the act, should have been sustained.

This contention is based upon the following provisions in section 4882 and 4957 of the statutes:

Section 4882: "When at the time of the injury both employer and employee have elected to furnish or accept compensation under the provisions of this act . . . the employer shall be liable to provide and pay compensation under the provisions of this act and shall be released from all other liability," etc.

Section 4957: "The election (of the employee) shall be effective from and including the date of signing, which shall be inserted opposite the employee's signature."

It is argued that unless there has been such prior election by the employee, as well as the employer, as required by section 4956, the compensation board is without jurisdiction to award compensation, and the parties cannot, by subsequent agreement, confer jurisdiction upon it.

The fallacy in this plausible argument is, that the workmen's compensation board is not a court, but "a legally constituted board of arbitration, with the matters for submission prescribed by statute," (Ashland I. & M. Co. v. McDaniel, 202 Ky. 19, 258 S. W. 943), and its power to act in any case is derived from the consent of the parties. Hence the well-known principle of law, that parties cannot by consent confer jurisdiction upon a court, is clearly inapplicable. Moreover, sections 4882, 4956 and 4957, *supra,* were clearly enacted for the benefit of the parties, and to render the act valid in depriving them of their common law rights of action and defense in case of an accident and not for the purpose of defining the powers of the compensation board.

Hence the question we have for decision does not involve the power of the board to act, but the power of the employer, who had accepted the provisions of the act in the manner prescribed therein, and its insurance car-

rier, to deny the validity of the employee's consent which they procured in the manner prescribed except as to time, for the purpose of settling with him under the compensation act.

Section 48 of the act (4931 of the statutes) provides:

"If the employee and employer reach an agreement conforming to the provisions of this act in regard to compensation, a memorandum of the agreement shall be filed with the board, and, if approved by it, shall be enforceable in like manner as is herein provided for the enforcement of awards of the board. Nothing herein shall prevent the voluntary payment of compensation in the amounts and for the periods herein prescribed without formal agreement, but nothing shall operate as a final settlement except a memorandum of agreement filed with and approved by the board in accordance with this section or the expiration of the time limit hereinbefore prescribed in section 4914."

This section clearly recognizes the right of the parties to agree to a settlement that shall be binding if conforming to the provisions of the act "in regard to compensation," and this necessarily carries with it the right upon the part of the employer to waive informalities and all matters that might have been urged by him as a defense before the compensation board.

We are therefore of the opinion that the act not only does not forbid a waiver by an employer, who has accepted the provisions of the act, of his employee's failure to accept its provisions before an accident, but recognizes his right to agree with him, even after an accident, for compensation in accordance with the terms of the act, and as if the employee had made his election at the time and in the manner prescribed in the act.

Certainly no one would contend that if the memorandum of settlement—which admittedly was made by the parties here—of the employee's claim for compensation had been filed with and approved by the board it would not have been binding upon all parties, and we are not at all sure that the letters which accompanied the payments that were made to appellee and the receipts signed by him, which were filed with the board, were not

a sufficient memorandum of settlement to comply with this section.

But waiving that question, we are clearly of the opinion, not only that the employer and its insurance carrier have the power and did waive the failure of the employee to accept the provisions of the act *before* the accident, but that they are estopped to deny it after having induced him to sign the register and to accept compensation under the provisions of the act—actions upon his part which clearly would have estopped him from suing the employer at common law for his injuries. Allen v. Am. Milling Co., 209 Ills. App. 73.

We are therefore of the opinion that the compensation board was in error in holding, as matter of law upon admitted facts, that it was without jurisdiction to hear and try appellee's claim for compensation, and since it is stipulated by the parties that in such event the amount adjudged by the circuit court to be due appellee is correct, that judgment is affirmed.