## Sunlight Coal Company et al. v. Floyd.

(Decided March 28, 1930.)

V. C. McDONALD for appellants.

NUNN & WALLER and T. S. WALLER, JR., for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

While working for the Sunlight Coal Company at its mines at Waverly, in Union county, Collins Floyd was severely injured as the result of an accident arising out of and in the course of his employment. On the same day, and pursuant to section 61 of the Workmen's Compensation Act (Ky. Stats., sec. 4944), the accident was reported by the employer to the Workmen's Compensation Board on form No. 7. Shortly thereafter an agreement was entered into between the employer and Floyd reciting that his weekly wage at the time of the injury was $27, and fixing his compensation at $15 per week for an indefinite period. This agreement purports to have been filed with the Workmen's Compensation Board on December 5, ———, but does not appear to have been approved by the board. Pursuant to the agreement, Floyd was paid $30 on August 3, 1927, $30 on August 18, 1927, $30 on September 7, 1927, $45 on September 17, 1927, and $30 on October 10, 1927. For each of these payments Floyd receipted on form No. 17, and the receipts were filed with the board. After the October payment, no further payments were made. On February 4, 1928, Floyd filed with the Workmen's Compensation Board an application for the adjustment of his claim. The case was set for hearing on July 10, 1928, and was heard by Hon. James R. Higdon, referee.

Floyd testified that when he went to work it was the understanding that he should work under the Compensation Act, and that he had no other understanding with the Sunlight Coal Company, but that he did not know whether he signed the compensation register or not. He received a four-inch gash across the top of his head on the left side. His ear was torn loose, and a bone broken out on the right side, his eardrum was burst, he lost one front tooth, and had a split place on his left knee. After being treated by certain local physicians, he was taken to the hospital at Henderson and remained there ten weeks. He was then called over the phone by the attorney of the insurance carrier, and told to come to Louisville, where he entered the Baptist hospital and was operated on by Dr. Allen. Fragments of bone were taken out of his head. He stayed in the hospital seven days, but remained in Louisville under treatment for about seven weeks. He was then told by the attorney that, as the

doctor at Louisville had discharged him as well, he would have to go to the board for final payment  On his return he went to work, but was off about one-half the time. There was a discharge from the old wound, and he had to swab it out frequently with cotton.  At the time he testified he was engaged in running a machine, but was advised by his physician that he was not able to do that.

Two or three physicians testified as to the extent of his injuries, and were of the opinion that he was almost, if not wholly, disabled.  Mr. Donovan testified that it was the understanding that the employees of the Sunlight Coal Company were to receive compensation according to the Compensation Law, but that they had had no papers there since the Leland Coal Company, or, if they had, they kept them hid.  T. H. Green, superintendent of the Sunlight Coal Company, testified that the company kept a compensation register, that he had examined the register and the name of Floyd did not appear on it.

On completion of the evidence the Sunlight Coal Company entered a motion to dismiss the application on the ground that Floyd had not accepted the provisions of the Workmen's Compensation Act.  The board sustained the motion and dismissed the claim. On appeal to the Union circuit court, the order dismissing the claim was set aside, and the cause remanded to the Workmen's Compensation Board.  From that judgment this appeal is prosecuted.

Appellant insists that, inasmuch as there was some evidence to support the Compensation Board's finding that appellee had not signed the compensation register, its finding of fact is conclusive.  That is true.  Wilson Berger Coal Co. v. Brown, 223 Ky. 183, 3 S. W. (2d) 199. But we have ruled that the failure of an employee to accept the provisions of the Workmen's Compensation Act (Ky. Stats., secs. 4880-4987) prior to the injury may be waived under such circumstances as to estop the employer from relying on such failure.  Junior Oil Co. v. Byrd, 204 Ky. 375, 264 S. W. 846, and that was the basis of the circuit court's decision.  Therefore, the only question is whether the facts of this case are such as to bring it within the rule.  From the very beginning the case was treated as being under the Compensation Act. The accident was reported by the employer to the Compensation Board on Form No. 7, as required by the act.

The agreement for compensation was signed by the parties on Form No. 9 prescribed by the Compensation Board. Following the agreement, several payments of compensation were made. Receipts for these payments were signed by appellee on form No. 17 and filed with the board.

In addition to this, appellee was notified to come to Louisville, where he remained in a hospital for about seven weeks, and was operated on by a physician employed by the insurance carrier. He was then told that, as the doctor at Louisville had discharged him as well, he would have to go to the board for final payment. On February 4, 1928, appellee applied to the board for an adjustment of his claim. The case was set for hearing on July 10, 1928. After his right of action at common law had been barred, a motion was made to dismiss on the ground that appellee had not signed the compensation register. Inasmuch as appellee had not only asserted a claim under the act, but had accepted compensation under its provisions, there is no escape from the conclusion that the facts were such as would have estopped him from suing at common law, even though he had proceeded before his cause of action was barred by limitation, Kentucky Statutes, sec. 4882, Allen v. American Milling Co., 209 Ill. App. 73; Lang v. Brooklyn City R. Co., 217 App. Div. 501, 217 N. Y. S. 277; Davis v. H. P. Cummings Const. Co., 82 N. H. 87, 129 A. 729; and, he having been led and lulled into this position by the conduct of appellant, equity will not permit appellant to change its course of conduct so as to deprive him of all remedy for his injuries. It is true that in the case of Junior Oil Co. v. Byrd, supra, where the facts were substantially the same, there was the further fact that the employer prior to the adjustment induced the employee to sign the compensation register, but we do not regard the additional element as indispensable to the application of the doctrine of estoppel. It follows from what we have said that the decision of the circuit court was correct.

Judgment affirmed.

Whole court sitting