## King v. Bringardner Lumber Co.

(Decided Dec. 5, 1933.)

J. J. TYE and H. H. OWENS for appellant.
JAMES H. JEFFRIES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Sam King received a serious injury on June 27, 1930, while employed by the Bringardner Lumber Company. On September 12, 1931, he brought this action in the Bell circuit court to recover a balance alleged to be due under an agreed settlement entered into by him and his employer shortly after the injury was received. A demurrer to the petition was sustained, and, upon the failure of the plaintiff to plead further, judgment was entered dismissing his petition, and he has appealed.

It is argued by counsel for appellee that the ruling of the court in sustaining the demurrer was correct because the petition sought a recovery pursuant to the provisions of Kentucky Workmen's Compensation Act (Ky. Stats. sec. 4880 et seq.), and the Bell circuit court therefore was without jurisdiction of the subject-matter of the action, but, if wrong in this contention and the petition should be construed as seeking to recover damages for the injury, then the demurrer was properly sustained because it was admitted in the petition that the defendant, prior to the institution of the suit, had paid to the plaintiff the sum of $450 on account of the injury and there was no allegation in the petition that this payment had ever been paid back or tendered to the defendant prior to the institution of the suit.

As we read the petition, it is based on neither of these theories, but upon the theory that the defendant had agreed to pay the plaintiff compensation for the injury received by him, the compensation to be the same he would have received if both parties had elected to operate under the Compensation Act. The petition alleged, in substance, that plaintiff sought employment with defendant in the work of manufacturing timber, and at the time he was employed he inquired of defendant as to whether or not it was operating under the Workmen's Compensation Act, and was informed that the company had accepted the provisions of the act, whereupon he called for the employees' register that he

might sign same, and he was informed that it was only necessary for him to have his name placed on the pay roll; that he relied on these representations and accepted employment with the defendant.

After he had been working for the defendant in hewing timbers after same had been cut and removed from the woods, he was directed to go to the woods and assist in cutting down the trees. He informed a representative of the defendant that he was inexperienced in that kind of work, but he was assured that he would be returned to his regular work on the following day. While engaged in the work to which he was temporarily assigned, he received a serious injury which resulted in total disability until May 15, 1931, and 50 per cent. permanent disability thereafter. At the time he was injured, he was earning $4 per day, and under the Compensation Act was entitled to compensation at the rate of $15 per week.

It developed that the defendant had not accepted the provisions of the Workmen's Compensation Act, and was not operating thereunder, but on August 14, 1930, about six weeks after the injury was received, a representative of the defendant discussed with the plaintiff the question of compensation for his injury and it was then agreed that defendant would pay his hospital expenses and doctor's bills and would pay him compensation in accordance with the terms and provisions of the Workmen's Compensation Law during the time of his disability. Pursuant to this contract the defendant did pay the hospital expenses and doctor's bills and paid to plaintiff $15 per week for thirty weeks, or a total of $450. It then ceased making the payments, and King brought this action to recover the balance he claimed to be due under the contract of August 14, 1930.

The defendant had never accepted the provisions of the Workmen's Compensation Act, and the plaintiff, though believing at the time he received his injury that he was working under the act, could not apply to the Workmen's Compensation Board for compensation, since the board was without jurisdiction. An injury is not compensable under the act unless both employer and employee have theretofore elected to operate under its provisions in the way pointed out in the act. Kentucky Statutes, secs. 4882, 4956, and 4957.

When he learned that his employer was not operat-

ing under the act, the plaintiff had the option either to institute an action at common law or to agree with his employer as to the extent of the latter's liability. According to the allegations of the petition, he adopted the second alternative and entered into an agreement with his employer whereby the latter agreed to pay him as compensation the amount he would have received had both of them been operating under the Workmen's Compensation Act. This was not an election to operate under the act after the injury was received, but was the means adopted to arrive at the amount of compensation to be paid. The Compensation Act was a measuring rod selected to fix the extent of the employer's liability, and no reason is pointed out why a contract selecting this method of fixing the extent of liability is not valid. Where the employer has elected to operate under the Workmen's Compensation Act, the failure of an employee to accept the provisions of the act prior to the injury may be waived under such circumstances as to estop the employer from relying on such failure. Junior Oil Company v. Byrd, 204 Ky. 375, 264 S. W. 846; Sunlight Coal Company v. Floyd, 233 Ky. 702, 26 S. W. (2d) 530. But this case does not fall within that rule. The employer had not elected to operate under the provisions of the act, and consequently the Workmen's Compensation Board was without jurisdiction to entertain an application for compensation. However, according to the allegations of the plaintiff's petition, the defendant admitted liability for the injury to its employee and agreed to pay him an amount equal to the compensation it would have been required to pay had it been operating under the provisions of the Workmen's Compensation Act. This is an enforceable contract and one under which the amount due can be readily ascertained. The appellant is not attempting to repudiate the alleged agreement, and therefore is not required to restore the status quo by return of the installment payments made and received under the terms of the agreement. He is merely seeking to recover what he claims is the balance due under that agreement.

We conclude that the petition states facts sufficient to constitute a cause of action and that the trial court erred in sustaining the demurrer thereto. Wherefore the judgment is reversed for proceedings consistent herewith.