## Parker v. Frankfort Distilling Co. et al.

February 17, 1950.

William H. Field, Judge.

William C. Edrington for appellant.

Allen, McElwain, Dinning & Clarke for appellee.

Judge Latimer—Affirming.

Appellant claims to have been severely injured while unloading a carload of grain at appellee's distillery. He filed application for adjustment, and, upon hearing before a Referee of the Board, was awarded compensation for total permanent disability. The Full Board in Review dismissed his application on two issues of fact, namely: (1) failure to prove injury in an accident arising out of or in the course of his employment; and (2) failure to show any disability, which, if he had good eyesight, would cause him to refrain from accepting any employment requiring manual labor.

Upon appeal, the Jefferson Circuit Court affirmed the findings of the Full Board and dismissed appellants application for adjustment. He prosecutes this appeal.

Appellant apparently is not unmindful of the controlling rule that the Board's findings of fact will not be disturbed by this court if there is any competent evidence of probative value to sustain it. It is insisted, however, that the Full Board's findings of fact are not sustained by any competent evidence of probative value, and that the finding that appellant was not injured in an accident arising out of the course of his employment is based chiefly upon the negative testimony of two fellow employees, Mr. Probst and Mr. Forde. Appellant says that when he was injured two fellow employees working with him came immediately to his assistance and observed and knew of the injury. These two employees in their testimony stated that they knew nothing about an accident to appellant. It will be noted, however, that their testimony shows that they were not present at all times. Appellant insists, therefore, that merely because they did not see or know of the accident is no reason

to conclude that no accident happened. In considering this phase of the matter, we notice that after these two employees had testified, appellant was asked this question: "Mr. Parker, there has been testimony here by a young man by the name of J. B. Forde that he was working with you, and another fellow by the name of Probst down at the Frankfort Distillery, unloading grain out of the box car the night you claimed to have got injured, and they neither Forde or Probst knew anything or saw anything happen in the way of an accident, or they didn't see you sitting down on the floor by the box car appearing to be dazed or injured, and they didn't help you out of the box car onto the platform and give you any help at all. Will you tell the Board whether or not that is true?" "A. Well, no, it is not true, because when the accident happened they both run to me and took ahold of me and raised me up and asked me 'was I hurt?' I told them 'I don't know if I am hurt or not,' but I felt like I was tore in two. They raised me up in a sitting position, * * *."

If Mr. Parker had not injected into this testimony that answer there might be considerably more merit in appellant's contention. In framing the question these two employees were named specifically. In appellant's answer he said that their statements were not true and that "when the accident happened they both run to me."

We are confronted with the established rule that if there is any evidence of probative value to support the Board, we will not disturb. Had this Board found for appellant, we would be in no position to disturb because of the above rule. The rule works both ways. The evidence is directly in conflict. The claimant tells how it happened. These employees said it didn't happen. On the above evidence the Board said appellant failed to prove that he was injured in an accident arising out of or in the course of his employment. We cannot disturb that finding.

Having so concluded, it becomes unnecessary to discuss the second finding of fact.

The judgment is affirmed.