**FUSTON**

**v.**

**CONSOLIDATION COAL CO. et al.**

Court of Appeals of Kentucky.

March 12, 1954.

J. K. Beasley, Harlan, for appellant.

Harry L. Moore, Whitesburg, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment confirming an order of the Workmen's Compensation Board dismissing appellant's application for compensation for disability allegedly resulting from silicosis contracted in appellee's coal mine. In view of the compensation board's finding of fact that appellant had not accepted the provisions of the silicosis section of the compensation Act, KRS 342.005(2), prior to his alleged injury, our chief concern is whether the board's finding on this jurisdictional question was supported by evidence of probative value.

In 1946, the appellee purchased a coal mine in Harlan County in which the appellant had been employed as a motorman for 23 years. Appellant continued working for appellee in the same capacity until

August 13, 1951, when he ceased working because of illness, later diagnosed as silicosis. He has not worked since that date, although his employment with appellee had not been terminated when he executed the agreement with appellee on October 29, 1951, to accept the provisions of the silicosis section of the Workmen's Compensation Act.

The appellee elected to operate under the silicosis section of the Act in March, 1951. The appellant testified that he signed appellee's compensation register on two occasions, once in April, 1951, and again on October 29, 1951.

▆ The evidence introduced before the board shows rather convincingly that appellant signed and accepted the silicosis provisions of the Act on October 29, 1951, rather than in April, 1951. Several of the officials of appellee's company so testified and their testimony is supported by the written records of the transaction. Appellant's proof upon this question was inconclusive. We have frequently said that in reviewing proceedings before the Workmen's Compensation Board we will not disturb the full board's finding of fact if there is competent evidence of probative value to sustain it. Fordson Coal Co. v. Palko, 282 Ky. 397, 138 S.W.2d 456; Parker v. Frankfort Distilling Co., 312 Ky. 279, 227 S.W.2d 195.

▆ Since the appellant was not exposed to the hazards of the disease of silicosis in the employment of the appellee following his acceptance of the silicosis section of the compensation Act on October 29, 1951, we find that the circuit court properly confirmed the order entered by the compensation board dismissing appellant's application for compensation. The appellant's acceptance of the Workmen's Compensation Act after injury cannot have retroactive effect to authorize recovery of compensation. Kouns v. Josselson Brothers, 236 Ky. 379, 33 S.W.2d 346.

Judgment affirmed.