HALL COAL COMPANY, Inc., et al., Appellants,

v.

Helen Hopkins KIRK, Appellee.

Court of Appeals of Kentucky.

March 25, 1960.

Rehearing Denied June 24, 1960.

Baird & Hays, Pikeville, for appellants.

Dan Jack Combs, Fred B. Redwine, Pikeville, for appellee.

WADDILL, Commissioner.

Appellee, the widow of Edd Kirk, sought compensation from appellant, Hall Coal Company, pursuant to KRS 342.070. Kirk was killed in an accident in the course of his employment as a driver of a coal truck. The Workmen's Compensation Board dismissed the claim, and found, as facts, that: (1) Edd Kirk was not an employee of the Hall Coal Company on April 12, 1956, when he was fatally injured; (2) Leonard Hall, president of the Hall Coal Company, had not made any false representations to Edd Kirk or concealed any material facts from him concerning his employment status. Upon review of the case pursuant to KRS 342.285, the Pike Circuit Court entered judgment remanding the case to the Board for an award based upon estoppel to deny coverage. In effect, the court, because of certain statements made by the president of Hall Coal Company prior to Kirk's fatal accident, invoked estoppel which precluded consideration of proof that Kirk was not an employee of that company.

The appellant coal company is principally owned and managed by Leonard Hall, its president. The company did not own a sufficient number of trucks to haul its coal, so Hall employed Denver Huffman and other persons who owned trucks to transport coal from the mines to the docks where the coal was dumped into railroad cars. Huffman hired Edd Kirk to drive one of the several trucks that Huffman owned. Kirk was paid by Huffman on the tonnage basis for the coal he hauled, and Huffman received payment from the Hall Coal Company on the tonnage basis for coal transported by Huffman's trucks.

Appellant's mines had different loading points located several miles apart. Leonard Hall directed the work of all truck drivers at the mines. On occasions Hall had ordered Kirk to haul steel and other articles used in the mining operation. On the day Kirk lost his life, Hall had instructed Kirk to haul coal from a certain loading place. En route, the truck driven by Kirk ran off the road and turned over, causing injuries which resulted in Kirk's death.

Upon the hearing of the case by the Workmen's Compensation Board, several of the truck drivers employed by Hall Coal Company testified that Leonard Hall, on several occasions, had said all of the drivers were covered by compensation. Hall admits he made this statement. Hall testified that an agent of the insurance company who had sold the workmen's compensation insurance to the Hall Coal Company had assured him that the policy covered all persons hauling coal and other material for the mining operation.

It was also shown that from the time Kirk commenced hauling coal for the appellant company, the amount paid for his services was included by the bookkeeper of the coal company in its gross pay roll, and insurance premiums were paid thereon to the insurance company providing Workmen's Compensation insurance coverage. After Kirk's death, the insurance company which had issued the Workmen's Compensation policy to the appellant company refused to pay compensation to appellee, but did, however, offer to refund the premiums paid on the truck drivers. After this offer was refused by the appellant company, the insurance carrier continued to accept the payment of premiums which included all truck drivers hauling coal for the appellant company.

On this appeal it is insisted that the Court erred in invoking estoppel, because the Board found that the statement upon which the estoppel was based had not been communicated to Kirk. We have concluded that appellant's contention is meritorious. We reach this view of the case because there was only circumstantial evidence from which the inference might be drawn that Kirk had knowledge of Hall's declara-

tion that all truck drivers at his mine were operating under the Workmen's Compensation Act. The Board, as the fact-finding body, weighed this circumstantial evidence and concluded that the inference should not be drawn. Under these circumstances there is no factual basis for an equitable estoppel. See, Am.Jur., Estoppel, Section 83, pp. 730, 735. Therefore, the determination of the trial court was erroneous.

The judgment is reversed with directions to enter a new one confirming the order of the Board.

MOREMEN, J., dissenting.

MOREMEN, Judge (dissenting).

I feel certain that if Hall had posted notice of his acceptance of the Workmen's Compensation Act on the premises, the court would hold that the employees were covered even though some of them were illiterate. It follows that when he announced to the employees that they were covered, they should be, even though some may not have heard his words.

I, therefore, respectfully dissent.