**V. G. MONROE et al., Appellants,**

**v.**

**Allen W. CLOAR et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 17, 1969.

Rehearing Denied April 25, 1969.

A. Joe Asher, Campbellsville, for appellants.

James H. Warren, Fulton, Henry Jack Wilson, Mayfield, for appellees.

STEINFELD, Judge.

A group of citizens and resident taxpayers of Graves County complained of alleged wrongdoings on the part of the members of the Graves County Fiscal Court and requested that corrective measures be taken. Being dissatisfied with the failure of the officials to follow the request, certain members of the group sued the members of the Court to recover for alleged wrongful and illegal expenditures. They moved that the regularly elected trial judge disqualify himself, which motion was sustained and a special judge was appointed. Eventually that judge held that the complaint failed to allege a cause of action whereupon he dismissed the suit and there was no appeal.

Soon thereafter some of those who were plaintiffs in the first suit brought the action which is now before us. The regularly elected judge presided and after approximately 2½ years of litigation dismissed the complaint, amended complaints and complaint as amended, from which judgment this appeal was taken.

Many errors are claimed and in various places in the brief counsel for appellants states what the records establish and the evidence that was introduced. Nowhere is there a reference to the page or place where these things may be found. RCA 1.210(a) 3 requires "appropriate page references to the record and the transcript of testimony". The transcript of record covers 133 pages. Five depositions were filed and they cover a total of 230 pages. We said in Snell v. Com., Ky., 420 S.W.2d 127 (1967), that "We are not required to, and generally will not, search an entire record for the purpose of determining whether or not a contention of a litigant should be sustained. Garvey v. Garvey, 156 Ky. 664, 161 S.W. 526 (1913). The burden is on the parties and not the court." Cf. Jennings v. Jennings, Ky., 421 S.W.2d 360 (1967).

We know of no reason why the rationale of Snell should not be followed in the case now before us.

The judgment is affirmed.

All concur.