John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,

v.

Frank YOUNG, James Howard d/b/a Stagger Hollow Coal Company, et al., Appellees.

Court of Appeals of Kentucky.

April 24, 1970.

Martin Glazer, Dept. of Labor, Frankfort, for appellant.

Cawood Smith, Harlan, for appellees.

Harry C. Campbell, Pikeville, for Kentucky Coal Assn., Amicus Curiae.

James M. Graves and William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for American Insurance Assn., Amicus Curiae.

STEINFELD, Judge.

Appellee Frank Young had worked as an underground coal miner for various companies for approximately 67 years when he was employed by James Howard, d/b/a Stagger Hollow Coal Company. He mined for Howard for about nine years and on June 27, 1964, ceased working in the mines.

Sometime about the year 1956 Howard elected to operate under the Workmen's Compensation Act (KRS 342.390) and he secured insurance, but his policy was cancelled on December 7, 1960, and was not reinstated or replaced. He did not become a self-insurer under the provisions of KRS 342.340 and did not file a withdrawal to operate under the Act. KRS 342.405. Furthermore, after his insurance was cancelled he made no contribution into the Special Fund or its predecessor.

On October 16, 1968, four years after leaving Howard's employ, Frank Young filed a claim against Howard charging that he had become affected by the occupational disease of pneumoconiosis on the last day he worked for Howard. KRS 342.316. He joined the appellant, Special Fund, as a party defendant and demanded that it be required to pay his claim. KRS 342.316 (13) (a). The board found that Frank Young had become permanently and totally disabled from pneumoconiosis and/or silicosis and awarded him $33.00 per week for a period of 425 weeks beginning June 26, 1964, and medical expenses. It directed that these expenses be paid by Howard and the disability benefits by the Special Fund. The proof did not conclusively

show that Frank Young's disability was the result of his last exposure to the cause of his occupational disease, but rather to the many years he had worked in the mines.

From that award the Special Fund appealed to the circuit court (KRS 342.285) which affirmed. It then appealed here (KRS 342.290) presenting a case of first impression. We affirm. It phrases the question to be answered (RCA 1.210(a) (2)) as follows:

"Can the Special Fund be required to pay all or any part of an award for the occupational disease of pneumoconiosis and/or silicosis where the employer has elected to operate under the Workmen's Compensation Act, but who, on the last day of exposure of the employee did not have Workmen's Compensation insurance coverage under a bona fide Workmen's Compensation insurance policy nor had complied as a self-insurer under the Workmen's Compensation Act?"

We observe that this question has been briefed by the parties, and with our permission, as amici curiae by the Kentucky Coal Association and the American Insurance Association. In one amicus curiae brief an argument was made concerning procedure but inasmuch as this point was not presented by the appellant we have concluded that in this case we should not consider it.

Appellant states that the liability of the Special Fund is derivative of that of the employer's insurance carrier or the employer, if self-insured, and if neither the employer nor the insurance carrier may be held liable for the payment of compensation benefits, no liability may be imposed on the Special Fund. It has reviewed the history of this fund, which we will summarize.

Originally called the "Subsequent Injury Fund", its liability was limited to benefits where an employee sustained "* * * a subsequent injury superimposed on a prior injury or injuries which jointly caused

* * * disability greater than * * * would have (existed) from the prior and subsequent injuries taken separately and added together. Later the fund was required to pay for aggravating factors where a dormant diseased condition was aroused into disabling reality."

In 1960 the name was changed to "Subsequent Claim Fund" (KRS 342.120(5)) and its function was expanded to permit "* * * insurance carriers and self-insured employers to transfer payment of awards to the fund where the employee had returned to work at equal or greater wages for the employer with which he was working at the time he was disabled." Further expansion was legislated in 1962 by amending KRS 342.120(5) to allow "* * * such transfers where an employee returned to work with any employer at equal or greater wages." The fund's liability was extended in 1962 to occupational diseases and the act made the employer, the Special Fund or both liable for compensation for silicosis or other compensable pneumoconiosis. The statute then provided:

"The employer liable for compensation * * * for silicosis and any other compensable pneumoconiosis, shall be the employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more. In those cases where disability or death are not conclusively proven to be the result of such last exposure all compensation shall be paid out of the Special Fund. In all other cases of occupational diseases, other than silicosis or any other compensable pneumoconiosis, which developed to the point of disablement only after an exposure of five or more years, or for silicosis and any other compensable pneumoconiosis, the compensation for disability or death due to such diseases shall be paid jointly by the employer and the Special Fund, and the employer shall be liable for sixty percent of the compensation due and the Special Fund shall be liable for forty percent of the com-

pensation due. Provided however, that when there is a joint award against the carrier or self-insured employer and the Special Fund under this section, all of the compensation awarded shall be paid by the carrier or self-insured employer and the carrier or self-insured employer shall be reimbursed for such payments from the Special Fund on a quarterly basis and under such regulations as the board may provide for such purposes." KRS 342.316(13).

KRS 342.120(5) was repealed in 1964 and the name of the fund was changed to Special Fund.

Appellant notes that "* * * under the present Workmen's Compensation Laws, the Special Fund is now liable under KRS 342.120 where prior injuries combine with a subsequent injury to create a disability in excess of the simple addition of all the injuries or where a dormant disease condition is aroused into disabling reality by reason of a subsequent compensable injury by accident or an occupational disease and under KRS 342.316 where the employee contracts an occupational disease." He argues that "The basic purpose of the Fund, whether the legislature designated it the Subsequent Injury Fund, Subsequent Claim Fund or the Special Fund was to spread the liabilities of the insurance carriers or the self-insured employers to the entire insurance industry writing Workmen's Compensation insurance, under certain circumstances involving various types of injuries and occupational diseases. The monies which support the fund come from insurance carriers writing workmen's compensation insurance and employers who qualify as self-insurers." He considers it most significant that KRS 342.122 requires insurance carriers to contribute to the fund a portion of all premiums received for writing workmen's compensation insurance and employers who are self-insurers to pay into the fund. Others make no contribution. The statute does not make the source of the fund the criterion for determining liability.

After analyzing and considering the various sections of the act including those that provide for payment by the employer and reimbursement by the fund, we have concluded that this case is controlled by that part of KRS 342.316(13) (a) which reads: "In those cases where disability or death are not conclusively proven to be the result of such last exposure all compensation shall be paid out of the Special Fund." This was provided in the 1962 act in force at the time Young left Harold's employ and was retained in the amendment which became effective on August 1, 1964.

The judgment is affirmed.

All concur.