**Edward U. MORGAN, Appellant,**

v.

**MARYLAND CASUALTY COMPANY, H. M. Dunn & Son Company, Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 9, 1970.

William Lehnig, Louisville, for appellant.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for H. M. Dunn & Son Co. and Maryland Casualty Co.

John Breckinridge, Atty. Gen., Frankfort, for Workmen's Compensation Bd.

CULLEN, Commissioner.

Edward U. Morgan's claim against his employer for workmen's compensation benefits for disability alleged to have resulted from an accidental injury sustained by Morgan in the course of his employment was dismissed by the Workmen's Compensation Board for lack of jurisdiction, for the reason that the employer had not elected to operate under the Workmen's Compensation Act. On Morgan's appeal to the circuit court judgment was entered sustaining the board's order. Morgan is appealing here from that judgment.

Morgan's sole theory is that the employer should have been held estopped to rely on or assert as a defense its failure to elect to operate under the Act. The claim of estoppel rests on the facts that after Morgan had filed his claim with the board, the employer paid him some $1,240 as benefits for total temporary disability, and the employer, though declining to stipulate coverage by the Act, did not assert any plea of noncoverage until after the statute of limitations appeared to have run on Morgan's common-law right of action for damages. He asserts that the employer should be estopped because it lulled him into allowing his common-law right of action to be barred.

We find no merit in the claim of estoppel. The office of an estoppel is not to work a positive gain to a party, and it does not create a new right or give a cause

of action; rather, it serves to prevent losses otherwise inescapable. 28 Am.Jur.2d, Estoppel and Waiver, sec. 33, p. 637. Here, Morgan never had any right to workmen's compensation benefits; he had only a right to bring a suit for damages at common law. If Morgan suffered any loss from the conduct of his employer subsequent to the accident, it was the loss of his common-law right. So if estoppel were to be invoked, it would be against the pleading of the statute of limitations in a common-law action brought by Morgan, so as to save him from the loss of the right that he initially had. We can find no basis for so using estoppel as to give Morgan a right he never had, for workmen's compensation benefits.

Actually, it is by no means certain that Morgan's common-law right of action has been barred by limitations. Under the 1958 amendment to KRS 413.270 it may be that Morgan will have a period of 90 days, after the date of final determination that the Workmen's Compensation Board had no jurisdiction, in which to bring a common-law action. See Ockerman v. Wise, Ky., 274 S.W.2d 385; Black v. Tichenor, Ky., 396 S.W.2d 794.

To the extent that Sunlight Coal Co. v. Floyd, 233 Ky. 702, 26 S.W.2d 530, expresses a view contrary to the holding of this case it is overruled.

The judgment is affirmed.

All concur.