John W. YOUNG, Commissioner, etc., Appellant,

v.

Andrew M. NEWSOME, et al., Appellees.

Court of Appeals of Kentucky.

Jan. 29, 1971.

Martin Glazer, Department of Labor, Frankfort, Gemma M. Harding, Department of Labor, Louisville, for appellant.

Scott Collins, Prestonsburg, E. R. Hays, Baird & Hays, Pikeville, for appellees.

STEINFELD, Judge.

Appellee Andrew M. Newsome, a coal miner, was employed by appellee Dix Fork Coal Company to work in its mine which has its entrance in Virginia but extends into Kentucky. On May 18, 1963, the employer elected to operate under the Kentucky Workmen's Compensation Act (KRS 342.005) and secured insurance coverage. Later that insurance was cancelled, none was obtained and the coal company did not qualify as a self-insurer. KRS 342.340.

On April 21, 1966, while Newsome was working in the Kentucky portion of the mine he was injured in a rock slide. Compensation payments were made to him until March 4, 1968. He filed his claim for benefits on May 3, 1968. It was resisted by the employer and the Special Fund which was made a party because Newsome had suffered an injury in 1955.

After hearing testimony of three physicians the board determined that "The plaintiff is totally disabled after March 4, 1968; 20% of which is non-compensable as it is a result of a prior active compensable injury; 40% of which is due to a subsequent injury and 40% of which is due to additional permanent disability to his prior injury of 1955." It ordered that Newsome should recover " * * * $44.00 per week for the period from April 21, 1966, up to and including March 4, 1968; and thereafter, not to exceed 400 weeks in the aggregate from April 21, 1966, the sum of $16.00 per week with interest * * *. Credit shall be given defendant employer on such payments, if any have heretofore been made." It also directed that "Plaintiff shall recover of the defendant, Special Fund, the sum of $16.00 per week beginning March 4, 1968, for a period of time not to exceed 400 weeks in the aggregate from April 21, 1966, and thereafter the sum of $44.00 per week for an additional 25 weeks beginning with the expiration of the said 400 week period with interest * * *. Credit shall be given the defendant for any compensation payments that may have heretofore been made, if any."

All parties appealed to the circuit court which dismissed the claim against the employer's Virginia insurance carrier, affirmed the award against the employer but modified the award against the Special Fund only to the extent of providing that Newsome should recover from it the sum of $20.00 per week. It ordered the coal company to " * * * pay all compensation adjudged against the Special Fund, for which it shall be reimbursed from the Special Fund * * *". Only the Special Fund has appealed from that judgment. We affirm.

The appellant claims that it was error to require the Special Fund to pay because

**910**

" * * * there is no self-insured employer or insurance carrier to reimburse * * *" as directed by KRS 342.120(4). Newsome contends that this issue was not presented below therefore we cannot consider it. He cites Hayden v. Elkhorn Coal Corp., Inc., Ky., 238 S.W.2d 138 (1951). Hayden stands for the proposition for which it is cited, however, Newsome is in error in contending that this issue was not raised below. The Special Fund filed a "Special Answer" alleging that " * * * the defendant—employer is not operating under the Kentucky Workmen's Compensation Act and * * * does not have insurance coverage in Kentucky * * * then the plaintiff has no cause of action in Kentucky and the Kentucky Workmen's Compensation Board has no jurisdiction to render an award." The same argument which we rejected in Young v. Young, Ky., 453 S.W.2d 277 (1970), is again asserted and rejected.

■ Newsome insists that his employer once having been covered by the act remained under it as there had been no withdrawal. We noted above that in 1963 the Dix Fork Coal Company elected to operate under the act. KRS 342.405 specifies the method to be used by both employers and employees desiring to withdraw from their elections to operate under the act or to reject it. No party contends that the employer followed that statute or another with respect to withdrawing from or rejecting the act. We are referred to no method and we know of none by which withdrawal or rejection may be effected by an employer without compliance with KRS 342.405 so long as it is doing business in Kentucky. Giving KRS 342.120(4) the liberal construction required by KRS 342.004 we do not construe it to require that an employer be self-insured in order to have reimbursement, therefore, the argument that there is no one to reimburse is without merit.

■ The Special Fund says that it cannot " * * * arbitrarily be assessed liability for disability by the Board when there is no competent medical evidence in the whole record to substantiate the ratio apportionment of disability found by the Board * * *" In its brief it discusses medical testimony, noting what two physicians had said and the apportionment each made, however, no reference to the transcript is furnished in compliance with RCA 1.210(a) 3. We repeat that we will not search the record for testimony when that rule is not observed. See Monroe v. Cloar, Ky., 439 S.W.2d 73 (1969), and cases cited therein.

■ The third issue as stated by appellant is " * * * the Workmen's Compensation Board of Kentucky (did not) have authority to grant an award for compensation benefits to an employee who theoretically was working in Virginia but crossed the boundary underground into Kentucky, was working for a Virginia employer with a Virginia insurance carrier, had made a claim for compensation for the same injury in Virginia, was already receiving temporary compensation benefits under Virginia law, and had elected to work under the provisions of the Virginia Workmen's Compensation Act but had not elected to work under the provisions of the Kentucky Compensation Act * * *."

The proof showed that Newsome was not working in Virginia but was working in Kentucky at the time of his injury. We have held that he was working for an employer covered by the Kentucky Workmen's Compensation Act. If the record shows that he had made a claim for compensation for the same injury in Virginia, or that he was receiving temporary compensation benefits under Virginia law and had elected to work under the provisions of that state's act, appellant fails to point out as required by RCA 1.210(a) 3, where this information appears in the record.

■ Finally we note that KRS 342.395 places under the act all employees of covered employers unless that employee " * * * shall have filed, prior to the in-

jury * * * written notice to the contrary with the employer * * *". The appellant does not contend that Newsome filed such a notice. It is our opinion that Newsome too had elected to work under the provisions of the Kentucky act and was covered by it. Commonwealth, Department of Highways v. Meyers, Ky., 307 S.W.2d 179 (1957). We hold that the board had jurisdiction to adjust the claim and make the award.

The judgment is affirmed.

All concur.