James R. YOCOM, Commissioner of Labor, etc., Appellant,

v.

G. C. JACKSON et al., Appellees.

Court of Appeals of Kentucky.

March 16, 1973.

Gemma M. Harding, Louisville, for appellant.

Neville Smith, Manchester, J. Keller Whitaker, Director Workmen's Compensation Board, Frankfort, for appellees.

STEINFELD, Justice.

Appellee G. C. Jackson had worked as an underground coal miner for approximately 17 years, serving a number of employers, the last one being appellee Hilmar Coal Company, Inc. Hilmar had never elected to be covered by the Workmen's Compensation Act, and there is no proof that any of the other employers of Jackson were working under the Act. On June 1, 1970, Jackson filed a claim for Workmen's Compensation benefits against Hilmar, alleging that he had become afflicted with silicosis on April 3, 1970. He also claimed against the Special Fund. His disability was not contested.

The board awarded Jackson medical benefits against Hilmar and ruled "That plaintiff recover of the defendant, Special Fund, compensation at the rate of $50.00 per week for the period of 425 weeks beginning April 3, 1970, together with interest * * *." The employer, Hilmar, did not defend and did not appeal, but the Special Fund appealed to the circuit court, which entered judgment affirming the action of the board. The Special Fund now has appealed here. We reverse the judgment against the Special Fund.

Jackson claims entitlement to benefits against the Special Fund and his former employer on the ground that an agent of Hilmar represented to him that Hilmar had accepted the Act. This, Jackson contends, estopped the Special Fund from denying that he was covered. Throughout the litigation the Special Fund has insisted that it could not be held liable under the estoppel theory, although it does not deny that we have applied that theory as to claims asserted against employers and insurers. See Junior Oil Co. v. Byrd, 204 Ky. 375, 264 S.W. 846 (1924); Hall Coal Company v. Kirk, Ky., 335 S.W.2d 932 (1960); Jones v. Massey, Ky., 432 S.W.2d 823 (1968), and Old Republic Insurance Company v. Begley, Ky., 314 S.W.2d 552 (1958). However, in Morgan v. Maryland Casualty Company, Ky., 458 S.W.2d 789 (1970), we found no merit in the claim of estoppel. In Young v. Young, Ky., 453 S.W.2d 277 (1970), the Special Fund was held responsible although the employer was not a self-insurer and no longer had insurance coverage under the Act, the coverage having lapsed before the injury occurred. That decision was not based on estoppel. Also see Young v. Newsome, Ky., 462 S. W.2d 908 (1971).

We are referred to no case, and our research has led us to none, in which an employee has been permitted to use the estoppel theory to establish responsibility of the Special Fund as distinguished from liability of an employer or its insurance carrier. We said in Hicks v. Combs, 311 Ky. 149, 223 S.W.2d 379 (1949), that "The rule of estoppel covers the principal of an agent when he acts within the scope of his agency", but Hilmar's agents were not those of the Special Fund and had no authority to bind it. Kentucky River Coal Corporation v. Williams, 226 Ky. 93, 10 S. W.2d 617 (1928); 31 C.J.S. Estoppel § 131, p. 667. Hilmar was never a covered employer, therefore the Special Fund was a stranger to it. Equitable estoppel cannot operate to bind a stranger. 31 C.J.S. Estoppel § 136, p. 674.

The judgment is reversed for the entry of a judgment directing the board to dismiss the claim as to the Special Fund.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.