## Spencer et al. v. Chavies Coal Co.

Oct. 20, 1939.

Rose & Stamper and Scott E. Duff for appellant.

J. E. Johnson, Jr., for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

In this opinion we will refer to the appellants as Claimants, to the appellee as the Company, and to the Workmen's Compensation Board as the Board. This appeal involves only matters of procedure in cases arising under the Workmen's Compensation Act. There are three questions for our determination: 1. Are the awards or findings of the referee the findings or award of the Board until approved by a majority of the members of the Board as provided in Section 4929, Kentucky Statutes? 2. Can there be a petition filed in the circuit court to review the findings or the award of the referee until they have been approved by a majority of the members of the Board? 3. Where there has been no application made to the full Board for review, when does the 20 days begin to run which is allowed by Section 4935, Kentucky Statutes, for the filing of a petition in the circuit court for review?

A brief recitation of the procedure followed in this case will be of interest as well as of assistance in deciding these questions. Hon. R. T. Kinnard, a referee of the Board, conducted the hearing, and Hon. J. B. Clarke, another referee of the Board on April 19, 1938, wrote the opinion and awarded the plaintiff compensation of $12 per week for 335 weeks against the Company. On May 11, 1938 (which was more than 20 days after the

award was made on April 19th), the Company filed its petition in the Perry Circuit Court as is provided by Section 4935, Kentucky Statutes, naming as defendants the Claimants and the Board, wherein it sought to have the award set aside on the ground that there was no evidence to support it, and to direct the Board to dismiss the application of the Claimants for compensation. The Claimants filed what is styled a "motion to dismiss" wherein without entering their appearance but appearing only for the purpose of this motion they pleaded to the jurisdiction of the court, on the ground the petition was not filed within 20 days after the award was made. The Board filed a special demurrer to the jurisdiction of the court on the ground that there is no statutory authority for the court to review an award or order entered by a referee and not by the Board or any member thereof.

On July 23, 1938, the circuit court entered an order dismissing the petition of the Company and remanded the case to the Board for the purpose of rendering a final award. The Claimants and the Company both excepted to this judgment and were granted an appeal to this court. On November 28, 1938, after due notice to the Company, the Claimants filed a motion in the circuit court, with a certified copy of the award attached thereto, asking the court to enter judgment in their favor in accordance with the award under the authority of Section 4939, Kentucky Statutes. The Company's objection to this motion was sustained and the court again remanded the case for the purpose of having a final award entered by the Board or one of its members. Claimants excepted to this judgment and were granted an appeal to this court. Although the Company was granted an appeal from the judgment of the circuit court entered July 23rd, it has prosecuted no appeal, but the Claimants are prosecuting this appeal from the judgment entered on July 23rd, and also from the judgment entered on November 28th.

Section 4933, Kentucky Statutes, provides the Board, or any of its members, may hear and determine an application. It is provided in Section 4929 that any investigation or inquiry which the Board is authorized to hold may be undertaken by any one member of the Board or by a referee acting for him and under authorization of the Board; and that all investigations, hearings and decisions of the Board, and each order made by

a member thereof when approved by a majority of the Board, and so shown on the record of its proceedings, shall be deemed the order of the Board. Section 4935 in part provides as follows:

"An award or order of the board as provided in Section 4933, if application for review be not filed as therein provided, or any award or order of the board upon review as provided in Section 4934, shall be conclusive and binding as to all questions of fact, but either party may, within twenty days after the rendition of such final order or award of the board, may by petition appeal to the circuit court that would have jurisdiction," etc.

We call attention that Section 4935 just quoted provides that where the award is made under Section 4933 or under Section 4934, it shall be final and conclusive as to all questions of fact, but that either party may appeal to the circuit court within 20 days after the rendition of such final order or award. We wrote in Junior Oil Company v. Byrd, 204 Ky. 375, 264 S. W. 846, it is not necessary to have a review by the whole Board of an order or an award of a single member before an appeal may be prosecuted to the circuit court. The Byrd case was followed in Carrs Fork Coal Company v. Scott, 204 Ky. 656, 265 S. W. 19. In this Scott case we wrote a full Board award or order becomes final upon its entry, while an award or order by less than a full Board becomes final, in the absence of a petition for review by the full Board, after the lapse of seven days which Section 4934 allows within which to apply to the full Board for a review of an award or order made by less than the full Board. The Byrd and Scott cases appear to have ignored the provision of Section 4929, that all awards or orders of a member of the Board do not become the awards or orders of the Board until approved by a majority of the members of the Board and so shown on the records of its proceedings. While we are not inclined to disturb the Byrd and Scott cases as they are of long standing and as we have the impression a majority of the Board always approves the findings, awards and orders made by a single member before same are actually handed down yet we will not extend those two cases to apply to the findings, awards and orders made by a referee. We expressly hold that the findings, awards and orders made by a referee do not become those of the Board until approved by a majority of its members and

are so shown on a record of its proceedings as is provided in Section 4929. It follows, of course, that no appeal to the circuit court can be taken from an award or order made by a referee until same has been approved by a majority of the Board and is so shown on the record of its proceedings. Indeed, no application for review of an award or order made by a referee can be made to the full Board until it has been approved by a majority of the members of the Board, since under Section 4929 no award or order made by the referee has any effect until so approved by a majority of the members of the Board.

The circuit court was of the opinion that the referee had no authority to make an award or final order and for that reason refused to take jurisdiction of the case and remanded it to the Board for the purpose of having a final order entered by it. Since no award or order can be made by the referee without the approval of a majority of the members of the Board, the circuit court was correct in entering the judgment of July 23rd, wherein it refused to take jurisdiction of the Company's petition for review, and was also correct in entering the judgment of November 28th, refusing Claimant's motion to have a judgment entered in accordance with the award of the referee.

But the court was in error in holding that the 20 days within which to file an application in the circuit court for review begins to run immediately after an award or order is made by less than the full Board. Section 4934 provides:

"If an application for review is made to the board within seven days from the date of the award, the full board, if the first hearing was not held before the full board, shall review the evidence," etc.

We wrote in the Scott case, supra:

"A full board award becomes final immediately upon its entry, while an award by less than a full board becomes final in the absence of a petition for a review by the full board, after the lapse of seven days."

Section 4935 provides either party "within twenty days after the rendition of such final * * * award of the board" may appeal to the circuit court. Therefore, when the award is made by less than the full

Board, or where a majority of the members of the Board approve the award of the referee as provided in Section 4929, the 20 days for an appeal to the circuit court does not begin to run until after the seven days has elapsed under Section 4934, wherein an application can be made to the full Board for review.

Judgment affirmed.