## Crummies Creek Coal Co. v. Hensley et al.

June 18, 1940.

As Extended on Denial of Rehearing Oct. 1, 1940.

James M. Gilbert, Judge.

Wm. Sampson for appellant.

J. L. Williams for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment of the Harlan circuit court, which affirms, subject to a slight credit modification, the award made appellee Carlo Hensley, by the Workmen's Compensation Board.

On March 17, 1936, Carlo Hensley was injured while working for the appellant, Crummies Creek Coal Company, in an accident arising out of and in the course of his employment.

The injury, it is agreed, was caused by Hensley's being caught, while engaged in coupling the company's coal Cars, between the corner of one of them and a rib of the mine, the accident resulting in the fracture of his lumbar vertebrae and, it appears, both the left and right ilium or hip joints.

Hensley, upon receiving his injury, was removed at once by defendant to its hospital in Harlan, Kentucky, where he remained under treatment for some twenty days or more and, upon leaving it, he continued to be treated and cared for by defendant's doctors until about July 25, 1936, when he was reported sufficiently recovered to return to work.

During the August following, he was employed by appellant at some light jobs and upon the reopening of its mines about September 1, he was there given additional light work, such as carrying water, trapping and assisting carpenters in their work of repairing the mine tipple.

He continued to be employed upon such character of light work at the mines (with the exception of four weeks when at Martinsville, Ind., for treatment) up until June 9, 1937, when he was discharged by defendant without reason given therefor.

On September 11, 1936, a settlement agreement

(executed on the compensation board's form 9 provided for such purpose) was entered into between plaintiff and defendant, providing for the payment to plaintiff of compensation for his temporary total disability resulting from his accident, the agreement fixing same at $15 a week for 17 5/7 weeks, or covering the period between the date of his injury and the July 25 following, when pronounced able to return to work.

This agreement, with plaintiff's receipt, acknowledging payment to him of the compensation stated, was filed with the board and by it approved on September 17, 1936, when the agreement became, by reason of the board's approving it, effective and enforceable under the statute (section 4931) as its award.

It is to be noted that the parties, by this first agreement, fixed the amount of compensation due plaintiff for his temporary total disability, which was paid him, as evidenced by his receipt.

On March 11, 1937, the parties entered into a second or further settlement agreement, executed also on form 9, wherein they agreed to also fix plaintiff's permanent partial disability at 5% to the body as a whole and that compensation be paid plaintiff for such partial disability suffered by him in the accident at the rate of 60c a week for a period of 333 1/3 weeks. Such installments of compensation were by agreement made payable in the larger weekly amount of $12 for the shorter period of 16 2/3 weeks, but were paid plaintiff on a commuted basis or in the lump sum of $200.

Plaintiff's receipt was also taken, acknowledging payment to him of this additional compensation and also that received under their first agreement for temporary total disability. This second agreement, together with plaintiff's receipt, was also filed with the board and by it duly approved, making it too effective as an award of the board.

On November 24, 1937, plaintiff, claiming right to compensation for injuries and resulting disability not embraced in their two settlement agreements, filed an application with the board, with supporting affidavits, to reopen the case and review these two purported settlements (allowable under the provisions of section 4902, Kentucky Statutes), alleging as statutory grounds there-

for: (1) plaintiff's change of condition since the second or final settlement of March 11, 1937; (2) a mistake as to plaintiff's condition and the extent of his partial disability at the time the second settlement was made; and (3) defendant's fraud in obtaining said settlement.

Defendant opposed plaintiff's motion to reopen the case, contending that it had paid plaintiff, under its two settlement agreements had with him, all the compensation for his injury to which he was entitled, inasmuch as under the first it had paid him the compensation agreed upon as owing him for his temporary total disability, while under the second it had paid him the further compensation agreed upon as due him for permanent partial disability to his body as a whole (fixed by the parties' agreement at 5%) on a commuted basis or in the lump sum of $200. Therefore, that having paid Hensley all the compensation for his disabilities suffered, as fixed by their agreements, which were approved by the board, not less in amount than provided by the Compensation Act, no finding or award of the board could properly be made, in accord with the provisions of section 4907, Kentucky Statutes, affecting or disturbing the agreed settlement had between the parties, unless plaintiff's condition was shown to have changed since the second settlement was made for permanent partial disability to one of permanent total disability, calling for additional compensation to be paid on account of the disability resulting from the injuries having become greater.

The board rejected this contention and sustained plaintiff's motion to reopen the case. On December 21, 1937, it was ordered reopened and was docketed for hearing on January 19, 1938, at which time the defendant, denying all liability for further compensation, pleaded its second settlement with plaintiff in bar of any further recovery of compensation against it.

Proof was taken by both sides and at the conclusion of the evidence, the board on December 16, 1938, rendered a judgment in favor of plaintiff.

An appeal was taken to the Harlan circuit court, where the judgment of the board was affirmed, subject to a slight credit modification.

The board, in the course of a well considered opin-

ion, awarding additional compensation to plaintiff, when discussing the issues raised by the record and the grounds relied on by plaintiff for a review of the case, said:

"We have carefully examined all the evidence in this case and we are of the opinion that the plaintiff has failed to show any change of condition since said date, and if plaintiff is entitled to any relief, it must be upon the grounds of a mistake in fixing plaintiff's permanent partial disability at 5% to the body as a whole or fraud practiced by the defendant in procuring the plaintiff's signature to the last settlement. * * *

"After a careful consideration of all the evidence in this case, we are of the opinion, and we so find as a matter of fact, that the plaintiff has a permanent partial disability of 50% to the body as a whole, and that this disability existed on March 11, 1937, the date the parties stipulated and represented to the board that his disability was only 5%."

In further discussing the plaintiff's incapacity to properly realize or appraise the extent of his disability, and as clearly evidencing his mistake made in accepting the company's proffered settlement for permanent partial disability, therein fixed on a basis of 5% to the body as a whole (the board finding as a fact that he then had a permanent partial disability to the extent of 50%), it said:

"The plaintiff had never filed a formal application for compensation (with the board) and he was not represented by an attorney in the settlement of his case. His education is limited to that of the second grade * * * and when he signed the agreement and receipt, he did not know these papers evidenced a final settlement of his case. * * * But this board is not confined to fraud practiced by one of the parties upon the other. If a fraud has been practiced upon the board, then, even in the absence of any other reason, the case may be reopened and another hearing and trial may be had. The evidence in this case clearly shows that fraud has been practiced on the board. The parties to the agreement misrepresented the extent and character of

plaintiff's disability. They state in paragraph 2 of the agreement that his injury is a 'fractured pelvis,' when the evidence clearly shows that there were additional injuries, no mention of which is made by them. They also make the positive assertion in paragraph 3 that the compensation agreed upon 'is in an amount not less than is provided for by the Workmen's Compensation Act,' which also is a misrepresentation of the facts.''

Further the board held that the agreement of the parties having, by reason of the board's approval of it, the same legal effect as an award, it, like an award, is subject to the grounds of attack provided in section 4902, Kentucky Statutes.

Such being the board's conclusion, that it was authorized to reopen the case upon the two grounds stated of mistake and fraud practiced upon the board, and its findings of law and fact being as set out supra, it adjudged that the plaintiff, Hensley, recover of the defendant coal company ''the sum of $6.00 per week for a period of 335 weeks, beginning March 24, 1936, subject to a credit of 17 5/7 weeks during which period (as shown by the agreement on form 9) plaintiff was paid $15.00 per week for temporary total disability, and a further credit of 16 2/3 weeks, during which period, as shown by said second agreement and receipt, he was paid $12.00 per week on account of his permanent partial disability,'' with 6% interest on all past due installments, and that he further recover of the coal company for hospital and medical attention a sum not in excess of $100.

Appellant prosecutes this appeal, contending that the lower court erred in allowing any further recovery of compensation against it, for the reasons stated supra, that it has, under its two agreements had with plaintiff, paid him the compensation agreed upon by them for all disability suffered by him, both temporary total and permanent partial, and that such agreements having been filed with and approved by the board and payments thereon made for more than six months, the board was thereafter without authority either to review the case or to disturb the settlement agreements had with plaintiff.

The plaintiff (here appellee), on the other hand,

by cross-appeal contends that the trial court erred in subjecting the board's award, made as stated supra, to any credit modification whatever, but that the award should have been affirmed as made by the board, without modification.

We, however, after a careful consideration of the board's findings, based upon the exhibits and the very voluminous evidence introduced by the parties, have reached the conclusion that neither of these contentions, so advanced by the parties, is meritorious.

As to the appellant's contention, that the court's affirmance of the board's ruling upon plaintiff's motion for its review of the case was erroneous upon the grounds stated supra, that these settlement agreements, after approval by the board, came within the protective provisions of section 4907, Kentucky Statutes, and were not thereafter to be disturbed, we find ourselves unable to concur with such contention, where the board was authorized to grant a review of the case under section 4902, Kentucky Statutes, and made its award of additional compensation to plaintiff upon the ground that the appellant's earlier settlement agreements had with plaintiff, which became effective as awards of the board after their approval by it, were yet subject to be reviewed and set aside upon the ground of fraud practiced upon the board in misrepresenting the extent of plaintiff's injuries, for which compensation was to be paid, and because of the mistake of plaintiff, both as to the extent of his existing permanent partial disability and as to the nature of the agreement made by him, when believing that the compensation fixed by the agreement was paid him not in full settlement of his case, but as a payment on the compensation due him.

The board found full authority for its conclusions reached and rulings made under the rule announced in the case of Ray v. Black Mountain Corporation, 254 Ky. 800, 72 S. W. (2d) 477, holding that the parties' fraud in procuring the board's approval of an agreed settlement by misrepresenting the character and extent of injuries authorizes the reopening of a compensation case.

Further, section 4889, Kentucky Statutes, a part of the Compensation Act, was in the Ray opinion, supra, emphasized and therein set out in part as follows:

"No contract or agreement, written or implied, no rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this act, except as herein provided."

In accord with the above, see Lincoln Coal Co. v. Watts, 275 Ky. 130, 120 S. W. (2d) 1026; Black Mountain Corp'n v. Swift, 241 Ky. 333, 43 S. W. (2d) 1008; and Stearns Coal & Lumber Co. v. Vanover, 262 Ky. 808, 91 S. W. (2d) 518, 519, the court in the latter case saying: "Indeed, the plain purpose of the statute is to enable the board to deal with the situation in such a way as to prevent an injuctice being done."

We therefore conclude that the judgment of the trial court, affirming the board's award on the ground stated, was proper and, further, that its modification of the board's award, complained of by appellee, was also correct, in directing that each of the future weekly payments of compensation in the amount of $6 should be subjected to a credit of 60c, for the reason that the credit so ordered was justified for preventing a double or repayment of the 60c weekly installment for a period of 333 1/3 weeks, provided for by the parties' second agreement and which had been theretofore, as shown by the record, paid by the coal company to plaintiff on a commuted basis of $200, in satisfaction of the 5% partial permanent disability fixed by the parties under that agreement.

Therefore, since the court's credit modification of the board's award was directed made only for the purpose of protecting defendant from twice paying such part of the ordered $6 weekly installment as it had already paid plaintiff, we find it altogether appropriate.

It is true, as appellant contends, that the award of a referee of the compensation board is not a final order, subject to be questioned in court. It must first be approved and adopted by the Board on its record as provided by Section 4929, Statutes. Spencer v. Chavies Coal Company, 280 Ky. 152, 132 S. W. (2d) 746. We read the record as showing that it did so. The only thing on the exhibit filed with the petition as the basis for the review by the court which suggests it is not an order of the Board is the endorsement "By Ira L. Pitman, Referee," at the commencement of the "Opinion

and Award," following the names of the parties and attorneys. That part which actually makes the award reads: "This cause came and was heard by the Board for a judgment and now being fully advised it is adjudged by the Board that the plaintiff, Carlo Hensley, recover of the defendant," etc.

The order is certified by the secretary of the board as being a true and correct copy of its record. Appellant's petition filed in the circuit court calls and treats it as such and alleges that the Harlan circuit court "has jurisdiction to try this appeal from the action of the Kentucky Workmen's Compensation Board."

No question was raised in the trial court by either party as to the finality of the order. We cannot regard the point made on appeal as well taken that the circuit court did not have jurisdiction to render judgment.

The judgment is affirmed on both the original and cross appeal.