## Kabai v. Majestic Collieries Co. et al.

April 29, 1941.

V. R. Bentley for appellant.

J. J. Moore for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, John Kabai, was injured in appellee's mine on July 17, 1937, by a rock falling on the back of his head and neck. On his claim for compensation therefor much medical testimony was taken by deposition, and on June 20, 1938, an "opinion and order" of a referee of the Workmen's Compensation Board was filed in which the referee discussed the testimony as to the claimant's injuries and conditions. He seems to have accepted as a fact the report of the company's doctor that Kabai was able to return to work six weeks and two days after he was injured although there was expert testimony to the contrary and Kabai did not in fact return to work, claiming that he was unable to do so on account of dizziness. His earnings as a coal loader had previously been quite high and he had a wife and four children dependent upon him. The referee expressed the view that his then and continuing dizziness and impairment in locomotion had previously existed; and, further, that the claimant had failed to sustain the burden of proof sufficient to warrant an award for disability resulting from the accident and injury other than for the six weeks. The opinion and "award" of the referee denied the claimant compensation other than for total temporary disability during that period. The

opinion and report carried an appendix couched in the language of an award by the Board to that effect. On September 14, 1939, Kabai filed with the Board a motion "to grant a rehearing" in his case, setting up ten different grounds. Among them were that he is an uneducated Hungarian; that he had not received notice of the hearing of his case or of the award "so as to give him the right and privilege of a review within twenty days after its rendition"; that notice to E. H. Gibbs, of Charleston, West Virginia, attorney for the United Mine Workers, was not notice to him since he had not employed Gibbs or any other counsel and had depended on his employer to treat him fairly. The Workmen's Compensation Board, referring to the motion for a rehearing as a "motion for a full board review of the opinion and decision of June 20, 1939," and reciting that Gibbs was attorney of record for the claimant to whom the award had been sent, dismissed the motion because it was not filed in time, nearly three months having passed. A few days later Kabai filed a supplemental motion for a rehearing in which he set forth an additional ground and filed several affidavits in support of his motion as thereby supplemented. It appears from its language that this supplement was prepared, if not filed, before the receipt of notice of the order overruling the original motion. This, too, was referred to by the Board as being a motion for a full board review. It was also overruled.

Within three or four days Kabai filed in the circuit court of Pike County a petition for review. He set forth the proceedings before the Workmen's Compensation Board and prayed that its orders overruling his motions be held void, and also that the award of June 20, 1939, be set aside and the cause remanded to the Board with directions to grant the petitioner a rehearing on the merits of his case. On the motion of the employer the court dismissed the petition because it had not been filed within twenty days after the award of June 20, 1939, and the court was, therefore, without jurisdiction. Kabai brings an appeal from that judgment.

We think the judgment is erroneous because the petition sought a review of the orders of the Compensation Board which refused to grant the claimant a rehearing, or what the Board called a petition for a full board review. It was not confined to the so-called

award of June 20, 1939. As a petition seeking a review of the orders refusing a rehearing or a consideration of the case by the Board, it was well within the twenty days prescribed by the statute. Kentucky Statutes, Section 4935.

Perhaps the Board was justified in regarding the claimant's motion for rehearing as being petitions for a review of the referee's opinion and recommendation of an award. But it was in error in dismissing the motions on the ground that they had not been filed in time. There had never been an award or final order of the Workmen's Compensation Board or of any member thereof as is required by the statute. Kentucky Statutes, Section 4929. Indeed, there is nothing to show it was even considered by a member of the Board. As held in Spencer v. Chavies Coal Company, 280 Ky. 152, 132 S. W. (2d) 746, an opinion and report by a referee is not an award. Though the Board subsequently treated it as such it was not an award in fact any more than is a report of the master commissioner of a court the judgment thereof. This case is ruled by the Spencer opinion in which we affirmed the action of the circuit court dismissing a petition for review of an opinion and award of a referee and remanding the proceedings to the Compensation Board because of lack of jurisdiction to entertain the petition. We are of opinion that the same judgment should have been entered here.

Judgment reversed.