## Kabai v. Majestic Colleries Co. et al.

March 9, 1943.

784

V. R. Bentley for appellant.

J. J. Moore for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER— Affirming.

On July 17, 1937, appellant, John Kabai, was injured in a mine operated by the Majestic Colleries Company. While he was laboring in an attempt to lift slate from the floor of the mine, another piece of slate fell from the roof of the mine against the back of his head. His head was driven against the slate he was endeavoring to lift, smashing his nose and face; severely cutting him over the eye; and, it is claimed, causing a concussion of, and hemorrhages in, the brain. Claim was filed before the Compensation Board, and an opinion and order of the referee was entered. On appeal to this court the case was remanded, because the award was not a final order of the board or one of its members, but was a mere opinion of the referee. The opinion in that case may be found in 286 Ky. 279, 150 S. W. (2d) 898. After the case was remanded, additional testimony was taken and the case resubmitted to the referee, who found the claimant to have been totally disabled for a period of six weeks, two days and to be permanently partially disabled. Award was made accordingly, with an additional allowance for medical and hospital expenses in the sum of $200. This finding was approved by the board. On appeal to the circuit court the award was affirmed.

The sole question for our determination is whether there is any evidence of probative value to support the finding of the board. If this should be determined in the affirmative, we will be impelled to affirm the judgment. Mary Helen Coal Corporation v. Hensley, 237 Ky. 348, 35 S. W. (2d) 533; Wakenva Coal Company v. Combs, 232 Ky. 546, 24 S. W. (2d) 275; Wallins Creek Colliery Company v. Cole, 218 Ky. 116, 290 S. W. 1049.

Several doctors testified in behalf of defendant, after having examined the plaintiff for the purpose of giving their opinions in evidence. Each testified that in his opinion the claimant was not, at the time of trial, disabled to any extent, and three testified that they thought

he was malingering. It is claimed that this evidence has no probative value because none of the doctors testifying for the defendant were skilled in mental afflictions, and none had an opportunity to observe the patient for a sufficient length of time to determine whether he had received internal injuries resulting in disability. It is further argued that the medical testimony introduced by the claimant was given by doctors skilled in diagnosis and treatment of mental diseases; and, because of their superior skill, their testimony, contrary to that of defendant's witnesses, should have been accepted as conclusive. Further objection is made to the testimony because the witnesses took into consideration the history given them by the claimant and partially based their opinions thereon. It is claimed that such history is not competent to be used by a physician who makes an examination for the purpose of testifying, and the following cases are cited in support of this contention. Greer et al. v. Richards, 273 Ky. 91, 115 S. W. (2d) 568; Equitable Life Assur. Soc. v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703; Equitable Life Assur. Soc. v. Spencer, 262 Ky. 478, 90 S. W. (2d) 704. The rule is that a physician may not testify to the history related by the patient in an examination held for the sole purpose of qualifying the physician to testify in behalf of the plaintiff. But, where the examination is conducted at the request of the adverse party, the history related by the patient may be considered by the physician; because, it is not, under those circumstances, self-serving. In this case, the history of the claimant was given to the doctors introduced by the defendant and was an admission against interest; therefore it was competent to be used in arriving at an opinion concerning the claimant's disability. Chesapeake & Ohio Ry. Co. v. Wiley, 134 Ky. 461, 121 S. W. 402, 408. While it may be conceded that the testimony of the psychiatrists should be given more weight than that of the general practitioners as respects mental cases, we could not say that the latter's opinion is of no value in arriving at a finding concerning the disability of the claimant. Any doctor of sufficient training and experience must be considered to be an expert on matters affecting the disability of human bodies and minds, although it must be conceded that the more experience one has had with the particular ailment under discussion, the more valued his opinion will be. Where there is medical testimony sufficient, as in this case, to

support the view of the board, we are not at liberty to reverse the finding because the weight of the evidence seems to us to be contrary to the finding of the board. The board found that one-half of claimant's disability was caused by a pre-existing disease. It is insisted the evidence does not support the existence of disability as a result of pre-existing disease. But here again, while the evidence is weak, we deem it sufficient to require us to affirm the award. It is admitted that the appellant had a stomach disorder in the year 1932; that part of the symptoms he now complains of, at least complained of on the first trial of the case, are identical with the symptoms manifest during the time he admits he was suffering from that disorder. Those symptoms are extreme nervousness and dizziness. Three laymen testified that they had observed appellant previous to the accident and that he walked in a peculiar manner as if he were under the influence of intoxicating liquor, although he was not. That evidence to some extent supports the contention and finding of the board that part of the disability now complained of was the result of pre-existing disease.

Final complaint is made that the depositions of E. C. Lewis, H. G. Camper, and H. T. Schiefelbein were never taken and were fraudulently prepared and inserted in the record. Appellant's testimony alone supports this contention. He testified that he was present at the time the depositions were supposed to have been taken. Two of the witnesses whose depositions are purported to have been taken testified that they believed they gave the depositions. These witnesses were doctors practicing their profession in coal mining districts of West Virginia. It is a matter of common knowledge that doctors practicing in those areas are required to testify in many cases and it is not surprising that they did not testify positively that the depositions were taken, but only that from their best recollection, they were. The notary public who certified to the depositions testified that the certification was correct. It is shown that appellant is not an educated man and is of foreign birth. We do not doubt that he may be testifying to what he considers to be the truth, but it is far more likely that he could have been in error by reason of not being able to comprehend what was going on at the time the depositions were taken, than that the attorney for the de-

fendant would falsify a record of the court or an officer would falsely certify to the fact. At any rate, we are not willing to reverse the judgment on such a weak showing. While we might have arrived at a different finding than that arrived at by the board had we been the triers of the facts, there is some evidence of probative value to support the finding made.

Accordingly, the judgment must be affirmed.