Estill CREECH et al., Appellants,

v.

Stanley Arnold ROBERTS, Appellee.

Court of Appeals of Kentucky.

Dec. 7, 1962.

J. W. Craft, Jr., Hazard, for appellants.

Edward Jackson, Beattyville, H. B. Noble, Hazard, for appellee.

WADDILL, Commissioner.

This appeal involves only matters of procedure in a case arising under the Workmen's Compensation Act. We are reversing the judgment because the circuit court erred in taking jurisdiction of the appeal.

Appellee, hereinafter referred to as claimant, filed an application with the Workmen's Compensation Board seeking benefits under KRS 342.095. The basis of his claim was that he sustained an accident while working for appellant which has resulted in his being totally disabled.

The hearing of the claim was conducted by a referee of the Board. On December 1, 1959, following submission of the case, the referee prepared a written report, designated "opinion and order," wherein it was observed that claimant had failed to prove that the parties were operating under the Workmen's Compensation Act. We quote the last paragraph of the *report*:

"ORDER"

"Subject to appeal to the full board the opinion and order of the referee is adopted and approved as follows. It is hereby adjudged, decreed, and ordered that the plaintiff's claim be dismissed subject to *either a stipulation* entered into between the parties or that the plaintiff be permitted to reopen his case for the purpose of proving jurisdiction."

On December 7, 1959, claimant filed with the Board a motion to reopen the case for the purpose of receiving evidence showing the parties were subject to provisions of

the Workmen's Compensation Act. This motion was overruled by an order of the Board on February 17, 1960, on the ground that the case had been decided by the referee's order (quoted above). Within twenty days thereafter the claimant took an appeal from that order to the circuit court which entered a judgment remanding the case to the Board with directions to hear additional evidence as to whether the parties were operating under the Workmen's Compensation Act and to then determine the issues in the case. We consider the appeal from that judgment.

█ We have expressly held that the findings, awards, and orders made by referees do not become those of the Board until approved by a majority of its members. Kabai v. Majestic Collieries Co., 286 Ky. 279, 150 S.W.2d 898; Spencer v. Chavies Coal Co., 280 Ky. 152, 132 S.W.2d 746. The record in the instant case does not show that the report of the referee was approved by the Board.

█ Under these circumstances there has been no final determination of the case and hence there is no award or order that the circuit court could review under KRS 342.285. The circuit court should have followed the procedure approved in the Spencer case, supra, and dismissed the appeal.

The judgment is reversed, with directions to enter a judgment which dismisses the appeal.