James E. EPLING, Jr., et al., d/b/a C. & E. Coal Company, Appellants,

v.

Ruth Coleman RATLIFF et al., Appellees.

Court of Appeals of Kentucky.

Jan. 25, 1963.

Baird & Hays, Pikeville, for appellants.

Dan Jack Combs, Ronald W. May, Pikeville, for appellees.

STANLEY, Commissioner.

Lawson Ratliff, an employee of James E. Epling, Jr., et al. d/b/a C. & E. Coal Company, was fatally injured in an accident in December, 1960. After a hearing on an application for the benefits of the Workmen's Compensation statute, a referee filed with the board an opinion and finding that the employee did not lose his life in an accident arising out of or in the course of his employment. KRS 342.005(1). The report concluded, "Subject to the approval of the full board, it is now ordered and adjudged that plaintiff's application shall be dismissed."

The case was not submitted to the Workmen's Compensation Board or any member thereof. Instead of seeking such consideration, the applicant for compensation filed suit in the circuit court, praying that the order of the board be reversed and the case remanded with directions to award compensation. The complaint states that since the applicant did not elect to ask a full board review, under the terms of KRS 342.280 and 342.285(1) the opinion and award of the referee became final. The procedure was not authorized but was not questioned and is not questioned by the parties here.

The statute, KRS 342.255(2), provides that any hearing the board is authorized to hold may be held by a member or "a referee acting for him, under authorization of the board." It is further provided that any decision or order made by a single member when approved by a majority of the members shall be considered an order of the board. KRS 342.275 more definitely describes the procedure when the board or a single member has made an award. KRS 342.280(1) provides for a review by the full board if the first hearing was not held before the full board. Nowhere does the statute indicate or provide that the preliminary hearing by a referee or his report shall be regarded as a decision of a member of the board or of the board itself. In the instant case, as stated above, the report of the referee, by its terms, was made subject to approval by the board.

A referee is an agent of the board, and his function is similar to the function of the commissioner or trial examiner of a court. It is imperative that the decision in the case shall be that of a majority of the board. That is prerequisite to validity, finality and right to a resort to the court. We expressly held in Spencer v. Chavies Coal Company, 280 Ky. 152, 132 S.W.2d 846, that no award or order made by a referee has any effect until approved by a majority of the members of the board, and that no appeal lies to the circuit court from the award or order of a referee. That conclusion was confirmed in Kabai v. Majestic Collieries Company, 286 Ky. 279, 150 S.W.2d 898. See also Childers v. Hackney's Creek Coal Company, Ky., 337 S.W.2d 680.

The circuit court should have ruled on the face of the record that it had no jurisdiction and dismissed the complaint. The judgment reversing and remanding the case is void.

Section 763 of the former Civil Code expressly provided that no void judgment should be reversed or modified by the Court of Appeals until a motion to set it aside had been overruled in the circuit court. The provision was intended to prevent appeals for the correction of errors which might be corrected in the court below by motion made after the term in which the judgment was rendered. An appeal prosecuted from a void judgment was ordinarily dismissed by this court summarily. There are many cases to that effect.

Section 763 of the Civil Code was superseded by Civil Rule 60.02. That rule provides inter alia that a trial court may on motion relieve a party from a final judgment where the judgment is void. But the express provision that no void judgment should be reversed or modified by the Court of Appeals until the circuit court had acted upon a motion to set aside a void judgment was repealed and not carried into the Civil Rules. However, as pointed out in Noel v. Noel, 307 Ky. 122, 210 S.W.2d 137, where a party waives objection to a hearing of an appeal from a void judgment by failing to move this court to dismiss it, the court may entertain the appeal, declare the judgment void and reverse it.

With removal of the restriction contained in § 763 of the former Code, which was construed throughout the years as prohibiting the right of an appeal from a void judgment, we have the general provision of KRS 21.060, giving the right of appeal from all final judgments in civil cases, with certain enumerated exceptions which do not include a void judgment. It is the function of this court to deal with judgments that are erroneous or are valid, and a void judgment is a nullity and without legal effect save in form. But we believe, in the absence of a motion to dismiss an appeal from a void judgment, we should entertain the appeal and declare such judgment void. This will enable a party injured thereby to have the judgment removed from the record without injury to the adverse party who acquired no rights under the void judgment. This will restore the parties to the position they originally occupied. To do otherwise would sacrifice substance to tech-

nical form. This procedure seems to be in accord with the weight of authority. Note, 81 A.L.R.2d 541; 4 C.J.S. Appeal and Error § 110.

The judgment is reversed with directions to set it aside.

Reversed.