RENDERED: MAY 14, 2015
TO BE PUBLISHED

Supreme Court of Kentucky

FINAL

2014-SC-000401-WC

DATE 6-4-15 Enid Brown, D.C.

GARDENS GLEN FARM

APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.          CASE NO. 2014-CA-000191-WC
WORKERS' COMPENSATION NO. 06-69845

BETHANY TAYLOR BALDERAS;
HONORABLE JANE RICE WILLIAMS,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

APPELLEES

## OPINION OF THE COURT

## AFFIRMING

Appellant, Gardens Glen Farm, filed this appeal from a Court of Appeals decision to contest the Administrative Law Judge's ("ALJ") calculation of a credit for money paid to Appellee, Bethany Balderas, pursuant to a settlement. Gardens Glen argues that the ALJ erred by refusing to give it a dollar for dollar credit based on the lump sum settlement it entered into with Balderas. For the below stated reasons, we affirm the Court of Appeals.

Balderas was injured when a horse she was exercising at Gardens Glen rolled over on her. Balderas sustained two fractured vertebra and underwent fusion surgery. She later returned to work. Balderas negotiated a lump sum

settlement of $100,000 with Gardens Glen, which reflected a 29% impairment rating and a return to work factor of 1.5509453.

Several years later, Balderas filed a motion to reopen alleging a worsening of her occupational disability. The motion was sustained. The ALJ determined that Balderas met her burden of proof to show a worsening of her condition based on objective medical evidence. The ALJ found that the proper return to work factor at the time of the original award was one. She then found that Balderas's whole body impairment at the time of her settlement was 29% and that it rose to 30% at the time of reopening. The ALJ also found that Balderas was entitled to the three multiplier, pursuant to KRS 342.730(1)(c), on reopening because she was no longer able to work as an exercise rider. The ALJ made the following calculations:

> To determine the value on reopening when the original claim was resolved by settlement agreement, the ALJ is required to determine the value of the claim at the time of settlement as well as the current value. [Balderas] is entitled [to] the difference, with permanent partial disability benefits to be paid at the rate of $460.86 per week beginning August 19, 2011 and continuing thereafter for the remainder of the 425 week period per the original settlement agreement, with [Gardens Glen Farm] taking credit for the value of benefits of the original claim, calculated as follows:
>> Value of original claim at the time of settlement:
>> $460.86 x .29 x 1.35 x 1 = 180.42
>> Calculation on reopening:
>> $460.86 x .30 x 1.35 x 3 = 559.94 → 460.86 (max)
> [Gardens Glen Farm], therefore, is entitled to a credit of $180.42 per week with the remaining difference due and owing to [Balderas] to be $280.44 per week.

Gardens Glen filed a petition for rehearing arguing that the ALJ's calculation did not take into account the settlement reached by the parties. Gardens Glen argued that it should receive credit for the amount it paid,

pursuant to the settlement, because it was greater than the value of the original claim as determined by the ALJ. The ALJ, in declining to recalculate the credit, cited to KRS 342.125(7) and stated that "[n]ot only does the statute clearly call for the ALJ to determine what the award should have been at the time of settlement and not to what the parties agreed, the case law continues to support that conclusion." However, the ALJ sustained the portion of Gardens Glen's petition which argued the 99% cap imposed by KRS 342.730(1)(d) should be applied and reduced Balderas's award to $456.25 per week. This did not affect Gardens Glen's credit. The Workers' Compensation Board affirmed the ALJ and the Court of Appeals affirmed. This appeal followed.

The Board's review in this matter was limited to determining whether the evidence is sufficient to support the ALJ's findings, or if the evidence compels a different result. *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Further, the function of the Court of Appeals is to "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Id.* at 687-88. Finally, review by this Court "is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Id.* As fact finder, the ALJ had sole authority to determine the weight, credibility, substance, and inferences to be drawn from the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Using these standards, we affirm the Court of Appeals.

3

Gardens Glen argues that the ALJ erred by not giving it a dollar for dollar credit for the settlement payments it made to Balderas. It cites to *Crummies Creek Coal Co. v. Hensley*, 284 Ky. 243, 144 S.W.2d 206 (1940), as support for its position. However, *Hensley* only stands for the proposition that the employer is entitled to a credit on reopening. *Id.* at 210. It is not instructive on how to calculate that credit. Instead *Whittaker v. Rowland*, 998 S.W.2d 479 (Ky. 1999), and *Newberg v. Davis*, 841 S.W.2d 164 (Ky. 1992), are dispositive.

In *Whittaker*, the Court stated in regards to the employer's credit on reopening:

> With regard to the question of credit, it must be remembered that this appeal does not concern the reopening of a litigated award. The parties agreed to the terms by which they would settle the claim for the underlying injury, and upon claimant's receipt of the agreed-upon sum, the liability of the employer and the Special Fund for whatever occupational disability existed at the time of settlement was extinguished. The figure for occupational disability which is contained in a settlement agreement represents a compromise and might or might not equal the worker's actual occupational disability at the time.

998 S.W.2d at 482. Further, as stated in *Newberg*, 841 S.W.2d at 166:

> The disability figure contained in a settlement agreement is a negotiated figure and may or may not equal the claimant's actual occupational disability. Under KRS 342.125, a claimant is required to show that a change in his physical condition since the date of the settlement has produced an increase in his occupational disability during that period in order to reopen the award. The relevant change in occupational disability, therefore, is the difference between claimant's actual occupational disability on the date of the settlement, *regardless of the figure for which he settled*, and his occupational disability at the time of reopening.

Thus, when a settled claim is reopened, the monetary value of the original negotiated settlement may not reflect the claimant's actual disability. The

4

change in occupational disability should be calculated as the difference between the actual disability on the date of the settlement, as found by the ALJ, and the occupational disability at the time of reopening.

In this matter, the ALJ did not err in calculating the credit owed to Gardens Glen. The ALJ found that the rating used for the original settlement award, 29% whole body impairment, was an accurate reflection of Balderas's original occupational disability. She also determined that the return to work factor at the time of the original award should be one instead of the 1.5509543 used in the settlement. The ALJ's findings are supported by the record and indicate a credit for Gardens Glen of $180.42 per week. The ALJ then did not abuse her discretion by finding that Balderas's whole body impairment on reopening rose to 30%. Taking the difference between the amount Balderas was entitled to on reopening ($456.25) and subtracting it from the value of her original award ($180.42), then factoring in the 99% cap, lead to an increase in her benefits of $275.83 per week. The ALJ did not abuse her discretion in so finding.

For the above stated reasons, we affirm the decision of the Court of Appeals.

All sitting. All concur.

COUNSEL FOR APPELLANT,
GARDENS GLEN FARM:

James Gordon Fogle
Johanna Frantz Ellison


COUNSEL FOR APPELLEE,
BETHANY TAYLOR BALDERAS:

Daniel Edward Moriarty